## CIRCUIT COURT OF THE CITY OF NORFOLK

Brian R. Benze

v.

Peggy Sue Ross

Case No. (Law) L-81-922

Brenda Sue Semple

v.

Brian R. Benze
and Peggy Sue Ross

Case No. (Law) L-81-1199

October 6, 1981

By JUDGE EDWARD L. RYAN, JR.

War has been declared over a set of photographs.

In L-81-1199 defendant Benze faults defendant Ross for not producing or handing over for inspection Ross photographs during the taking of an oral discovery deposition. Benze says the photographs would have assisted him in the discovery procedure, and asks that the court order delivery to him of the photographs and invoke sanctions against Ross pursuant to Rule 4:12.

In L-81-1199 *and* L-81-922 Ross faults Benze for unreasonably refusing to proceed in the discovery procedure and improperly adjourning same and invokes sanctions against Benze pursuant to Rule 4:12.

Ross has moved for production of photographs from Benze *but* Benze did not so move for production from Ross.

At oral discovery Ross (by her attorney) admitted she had in her possession certain photographs but responded "I don't think I want to produce them." Ross then amended to say she would permit a "look" at the photographs *but*

if any questions were to be asked about the photographs they would not be produced. Benze then announced (by his attorney) "I am not going to play by those rules. . . and I am going to adjourn this deposition right now."

Thereupon counsel announced warmly that they would be "happy" to agree on a date to be heard by the court on their respective positions and on the issue of joint motions for sanctions, one against the other.

In the Federal practice the means of securing production at oral deposition are provide by Rules 27 and 34 of the FRCP; and it has been said that these are the *only* methods. 23 Am. Jur. 2d, *Depositions and Discovery*, Section 46. An attempt to secure production by informing witnesses by letter to bring records or things to throw light on testimony, which was also attached to copy of court's order, was held not to be a substitute for a subpoena duces tecum. 98 A.L.R. 2d 909, Annot., "Production. . . in proceeding to perpetuate testimony." The subpoena duces tecum method provided is the protective route because "the trial court has the power to inquire into the nature of the documents." Matters of constitutional limitations, privileged matters and relevancy and materiality may be considered and protections afforded. the Rules of court are modeled on the FRCP and in many instances conform exactly. *Rules in Action at Law*, 3rd ed., Phelps, Part Four.

One of the general tests is said to be, as follows:

> In other words, a party has no greater privilege under the law in taking of a deposition with respect to the scope of the examination of the witness and the production of books and papers than he would have on the trial of the case under the same state of the pleadings and issues." *Ibid*, § 48.

"Parties may obtain discovery by one or more. . . methods. . . (including) production of documents or things" and "the frequency of use of these methods is not limited." Rule 4:1(a). Documents and tangible things may be obtained of the other party's representative "only upon a showing that the party seeking discovery has substantial need of the materials." Rule 4:1(b)(3). Methods for production of documents and things are set out in Rule 4:9.

It may be that Benze did not follow "the letter of the law."

On the other hand, it may be that Ross did not follow the generally known and accepted informalities attending the taking of depositions in this Circuit. Discovery depositions now consume an inordinate amount of the working hours of the trial bar and a certain detente has developed among the practitioners. If it develops that central or crucial issues arise during discovery the rights of clients are protected jealously. But if the question is of no real moment the "letter of the law" is usually waived generously. This is noted because in the transcript of the proceedings at deposition, no valid reason was advanced, and none was advanced at the argument on the motions, why the photographs should not have been handed over to Benze. Insofar as the court knows, they will be forthcoming when the "letter of the law" is complied with. Apparently all that has been gained is the time and expense that will be involved in a motion and answer for production and a rescheduling of the deposition, to the inconvenience of all who must attend.

If any fault is involved, it appears that Benze and Ross are *in pari delicto*, hence the court will not grant sanctions against either.